IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
ST LUCIE DIVISION

RICHARD A. MARINO

      Plaintiff,

CASE NO.:

vs.

PHAIDON INTERNATIONAL, INC.
d/b/a SELBY JENNINGS

      Defendant.
_____/

## COMPLAINT FOR DAMAGES – JURY TRIAL DEMANDED

COMES NOW the Plaintiff, RICHARD A. MARINO ("MARINO"), by and through his undersigned attorney, and files this Complaint for damages and demand for trial by jury against the Defendant, SELBY JENNINGS., a foreign LLC, and further alleges:

PARTIES

1. MARINO is an individual who primarily resides in St. Lucie County, and is otherwise sui juris.

2. Phaidon International, d/b/a Selby Jennings ("Selby Jennings") is a foreign company based in England, with a principal address of 21 Lombard Street, London England. Selby Jennings maintains offices throughout the United States, with its headquarters and principle place of business in the United States as 622 Third Avenue, 8th Floor, New York.

3. Selby Jennings is primarily involved in recruitment of personnel for financial institutions all over the United States.

## JURISDICTION

4. Jurisdiction is proper under 28 U.S. Code § 1332 because this is a claim that exceeds $75,000.00 in value. Marino is a citizen and primary resident in the State of Florida, while Selby Jennings is a company with that is structured as a corporation in New York.

5. Personal jurisdiction is proper because the actions and occurrences alleged in the Complaint fall into Florida's Long Arm Statute. Personal jurisdiction falls within Florida's Long Arm Statute because Selby Jennings was engaged in solicitation or service activities within the State of Florida by contacting Marino and offering its services. Specifically, an individual by the name of Taylor Eitelberg contact Marino multiple times by text message, e-mail, and via LinkedIn in order to recruit Marino as a candidate for AQR Capital Management, which is a global investment management firm based in Greenwich, Connecticut.

6. Moreover, Selby Jennings committed a tortious act within the state by negligently causing Marino to be terminated from his job at AQR Capital Management.

## VENUE

7. Venue is proper in the Southern District of Florida because a substantial part of the events occurred. Specifically, the information that Marino gave Selby Jennings all occurred in this judicial district.

8. Moreover, because Selby Jennings is deemed a resident of Florida because Florida has personal jurisdiction over Defendant by way of its long arm statute.

## ALLEGATIONS

**[SPACE INTENTIONALLY LEFT BLANK]**

9. Marino is an extremely talented specialist, specializing in Infrastructure Engineer and Software Development, and worked in Microsoft, Acuity Brands Lighting, and D.E. Shaw & Co.

10. Marino specializes in both Wnidows and Unix environments, and is a heavy professional user of code language in C, C++, and C#.

11. On or around April 8, 2021, Selby Jennings contacted Marino about an opportunity at AQR Capital Management.

12. Selby Jennings, through Taylor Eitelberg, maintained constant communication with Marino by way of e-mail and text messages. See Exhibit "A" – Sampling of Text Messages.

13. Taylor Eitelberg sent Marino various opportunities, such as from Element Capital



14. As it came to AQR, Taylor Eitelberg contacted Marino in an e-mail string called, "new Opportunities."

15. In that e-mail string, Marino told Taylor that his degree from the University of Miami is incomplete.

> **From:** Richard A. Marino <q@rm.vg>
> **Sent:** Wednesday, July 14, 2021 3:07 PM
> **To:** Taylor Eitelberg <Taylor.Eitelberg@selbyjennings.com>
> **Subject:** Re: New Opportunities
>
> **This message originated from outside of Phaidon International and may not be from the individual it purports to be. The email may contain malicious links, attachments or other content which should not be opened. If in doubt please check with your IT Team.**
>
> Question before I proceed --
> Remeber that my degree is incomplete (short by a non-major credit or class due to the wrong advising requiring an extra semester and they insisted I stay on campus for an additional semester on top of this).
>
> Is this going to be an issue/can we find this out before we waste anyone's time?
>
> Thanks,

16. Taylor said that Marino would just need to explain in good detail on the submittal form, and that it should be fine.

17. This is exactly what Marino did:

> **From:** Richard A. Marino <q@rm.vg>
> **Sent:** Tuesday, July 20, 2021 3:08 PM
> **To:** Taylor Eitelberg <Taylor.Eitelberg@selbyjennings.com>
> **Subject:** Re: New Opportunities
>
> **This message originated from outside of Phaidon International and may not be from the individual it purports to be. The email may contain malicious links, attachments or other content which should not be opened. If in doubt please check with your IT Team.**
>
> Sorry for the delay in getting back to you, document is complete, it's been super hectic with the family for the last couple of days, but things are smooth again.
>
> I put a note at the end of the document explaining the situation with the degrees. Would you mind taking a look at that piece and suggesting if any changes are needed for that?
>
> Thanks,

18. Taylor was "very impressed," and confirmed that this is what employers like to see

> **From:** Taylor Eitelberg <Taylor.Eitelberg@selbyjennings.com>
> **Sent:** Tuesday, July 20, 2021 3:38 PM
> **To:** Richard A. Marino <q@rm.vg>
> **Subject:** RE: New Opportunities
>
> This is great!! Amazing honestly most people don't take the time to fill it out but this is what they want to see. I'm very impressed.

19. Ultimately, after the interviewing process, various social media background checks, a criminal background check, and every other check that might be feasible, AQR offered Marino employment that was totally remote, meaning that Marino could work from Port St. Lucie.

20. Ultimately, it was a dream job because it allowed Marino to get a New York salary, but live the expense ratio of Port Saint Lucie, while paying Florida taxes, and not New York taxes. In that regard, Marino turned down other job offers he had from other companies to accept the employment package from AQR.

21. As can be seen, the employment package had a base salary of $165,000, and a guaranteed bonus of at least $35,000. Essentially, Marino would be making $200,000 at least. This does not include all of the fringe benefits like medical, dental, vision, and even a flexible spending plan for lunches, etc. This job was truly a dream job.

22. Sometime around October 13, 2021, Marino gets an e-mail from Molly Halper saying that AQR was reconsidering their employment of Marino because he wrote Bachelor of Scient in Electrical Computer Engineering and Bachelor of Science in Computer Science, both of them were marked "incomplete". Unfortunately, the form that Marino filled out cut off the words "incomplete"



23. Marino tried to explain this to Molly Halper, and stated that he explained this in detail during interviews, and it was explained and presented to AQR by Selby Jennings.



24. Molly replied that she spoke to Selby Jennings, and no one knew about the degree situation. Moreover, Selby Jennings denied that they were communicated with regarding the incomplete degree.

25. Ultimately, Molly Halper coordinated a telephone conversation with Marino. The result of that phone conversation was that the offer from AQR was rescinded.

26. Specifically, the AQR offer was rescinded regarding the degree/education status. See Exhibit "A" – Letter from AQR.

27. Ultimately, since this time, Marino could not find alternative employment, and turned down other employment opportunities with lucrative options because of the dream job that was AQR.

28. All conditions precedent have been complied with

## COUNT I – NEGLIGENCE

29. Plaintiff incorporates paragraphs 1-28 in this instant count and states the following in support:

30. Selby Jennings has a duty to act in a professional manner and discloser the correct and true information about the fact that, despite attending four years at the University of Miami, his degree was incomplete.

31. Selby Jennings breached their duty when Marino disclosed to Selby Jennings this fact, but Selby Jennings, not only failed to disclose that to AQR, but denied that Marino disclosed the information to them. This was according to Molly Halper, as can be seen in the e-mail.

32. Marino suffered a harm in that he has not been able to procure alternative employment that would allow him to work in such favorable conditions. Moreover, Marino suffered loss of income and benefits.

33. Defendant is the actual and proximate cause of the harm.

**WHEREFORE**, Plaintiff demands an award of actual damages and consequential damages.

## COUNT II – TORTIOUS INTERFERENCE

34. Plaintiff incorporates paragraphs 1-28 in this instant count and states the following in support:

35. To prevail on its tortious interference claim, Marino is required to show: (1) the existence of a business relationship; (2) the defendant had knowledge of the relationship; (3) the defendant intentionally and unjustifiably interfered with the relationship; and (4) the plaintiff suffered damage as a result.

36. Marino had a business relationship with AQR as a prospect, and then an employee of AQR.

37. Defendant had knowledge of this relationship because Defendant is the one that orchestrated this relationship.

38. Defendant intentionally and unjustifiably interfered with the relationship when it denied that Marino made any communication regarding the absence of his degree from the University of Miami. Defendant's interference was unjustified because it is clear that Marino sent numerous correspondence to Defendant regarding his lack of a college degree.

39. Marino suffered a harm in that he has not been able to procure alternative employment that would allow him to work in such favorable conditions. Moreover, Marino suffered loss of income and benefits.

40. Defendant is the actual and proximate cause of the harm

**WHEREFORE**, Plaintiff demands an award of actual damages and consequential damages.

Date: January 19, 2022

Trayber Raikhelson Law Group PLLC
2750 NE 185th Str.
Suite 206
Aventura, FL 33180
Telephone:(954) 895-5566
Primary Email: arlaw@raikhelsonlaw.com
Secondary email: a.raikhelson@icloud.com

/s/ Andre G. Raikhelson
Andre G. Raikhelson, Esq.
Bar Number: 123657