UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-14027-CV-CANNON/MCCABE

RICHARD A. MARINO,

    Plaintiff,

v.

PHAIDON INTERNATIONAL, INC.
d/b/a SELBY JENNINGS,

    Defendant.
_____/

### REPORT & RECOMMENDATION

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss ("Motion"), which was referred to the undersigned by United States District Judge Aileen M. Cannon. (DE 11, 17). The Motion is ripe for review. For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE** with leave to file an Amended Complaint.

**I.      LEGAL STANDARD**

In evaluating Defendant's motion to dismiss for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), the Court must accept Plaintiff's allegations as true and construe them in the light most favorable to Plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Plaintiff need only provide "a short and plain statement of the claim [to] show that the pleader is entitled to relief," Fed. R. Civ. P. 8, a mere "formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

II.   **COMPLAINT ALLEGATIONS**

The Court accepts the following allegations as true. Defendant is a recruiting firm that specializes in recruiting personnel for financial institutions. (DE 1 at ¶ 3). At some point prior to April 2021, Defendant began to recruit job candidates for AQR Capital Management ("AQR"), a financial management company that is not a party to this case. *Id.* at ¶ 5.

Plaintiff is a software specialist who lives in Florida. *Id.* at ¶ 1, 9. He studied at the University of Miami but never completed his degrees, remaining one class short of completion. *Id.* at ¶ 15. On or about April 8, 2021, Defendant contacted Plaintiff about a potential job opportunity with AQR. *Id.* at ¶ 11. Plaintiff disclosed his incomplete degrees to Defendant and explained he did not want to "waste anyone's time" by applying for the job. *Id.* at ¶ 15. Defendant encouraged Plaintiff to apply anyway, but to explain the degree situation. *Id.* at ¶ 16.

The Complaint is unclear as to what happened next. Plaintiff alleges he wrote a "document" and that he "put a note at the end of the document explaining the situation with the degrees." *Id.* at ¶ 17. The Complaint does not further identify the document, its purpose, or explain what happened to it.

Elsewhere, the Complaint alleges that Plaintiff filled out a job application with AQR and indicated he had Bachelor of Science degrees that were "incomplete." *Id.* at ¶ 22. However, the job application cut off the word "incomplete." *Id.* Plaintiff also alleges he attended job interviews with AQR and that he "explained [the degree situation] in detail during the interviews." *Id.* at ¶

23.

Thereafter, AQR offered Plaintiff a job. *Id.* at ¶ 19. Plaintiff alleges this was his dream job because it offered remote work with generous salary and benefits. *Id.* at ¶¶ 20-21. Plaintiff alleges he turned down numerous other job offers due to the pending AQR offer. *Id.* at ¶ 20.

In October 2021, however, Plaintiff received an email from AQR advising that the company was reconsidering its offer due to his incomplete degrees. *Id.* at ¶ 22. Plaintiff explained that he had already disclosed this fact to AQR by way of his interviews with the company and his communications with Defendant. *Id.* at ¶ 23. According to the Complaint, Defendant then denied that Plaintiff had ever disclosed his incomplete degrees. *Id.* at ¶ 24. AQR then formally rescinded its job offer due to Plaintiff's incomplete degree status.[1] *Id.* at ¶ 26.

Plaintiff then brought this lawsuit against Defendant alleging negligence (Count I) and tortious interference with an advantageous business relationship (Count II). This Motion followed.

## III.  DISCUSSION

Defendant moves to dismiss both counts. The Court will address each in turn.

### A.  Negligence

As to the negligence count, Defendant argues the Complaint fails to allege facts sufficient to establish two of the necessary elements for a Florida common law negligence claim, namely, duty and causation. As set forth below, the Court agrees.

#### 1.  Duty

This case involves economic harm, not bodily injury or property damage. As a general rule, Florida law does not recognize a cause of action for negligence grounded solely on economic

---

[1] The parties' briefs debated whether AQR's letter of formal withdrawal of the job offer could or should be incorporated into the Complaint, given that the letter was referenced in the Complaint but not actually attached as an exhibit. The Court finds it unnecessary to resolve this issue given that paragraph 26 of the Complaint alleges that the "the AQR offer was rescinded regarding the degree/education status."

3

harm; bodily injury or property damage is normally required. *Monroe v. Sarasota Cnty. Sch. Bd.*, 746 So. 2d 530, 531 (Fla. 2d DCA 1999). Negligence claims based solely on economic harm can proceed "only under extraordinary circumstances which clearly justify judicial interference to protect a plaintiff's economic expectations." *Id*. "[T]o proceed on a common law negligence claim based solely on economic loss, there must be some sort of link between the parties or some other extraordinary circumstance that justifies recognition of such a claim." *Tank Tech, Inc. v. Valley Tank Testing, LLC*, 244 So. 3d 383, 393 (Fla. 2d DCA 2018). Courts faced with these claims must "examine the relationship between the parties to determine whether it warrants creating a duty to protect economic interests outside contract and statutory law." *Monroe*, 746 So. 2d at 534 n.6.

Florida's Second District Court of Appeal faced a fact pattern similar to this case in *Monroe*. In that case, a would-be job applicant sought a teaching position with the Sarasota County School Board. *Id.* at 531. Although the applicant was fully qualified for employment, the School Board failed to place his name on a list of eligible employees due to a clerical error. *Id.* As a result of this mishap, the applicant missed out on many valuable job opportunities. *Id.* at 532. The applicant therefore sued the School Board for common law negligence arising from the mistake. *Id.*

After conducting a thorough legal analysis, the Florida court found the School Board owed no common law duty to the job applicant in these circumstances. *Id.* at 533. The court acknowledged the general rule prohibiting common law negligence claims absent bodily injury or property damage and found no basis to extend a duty to the case at hand. *Id.* The court reasoned that, "by longstanding precedent, the relationship created when these teachers/administrators assisted [job applicant] in the application process does not support the imposition of a general

4

standard of care upon these teachers to protect his economic interests in future potential employment with the School Board." *Id.*

The same outcome should apply here. The Complaint fails to allege facts sufficient to justify the extraordinary step of imposing a common law duty of care upon Defendant where none would otherwise exist under Florida law. To justify such a duty, Plaintiff makes three arguments, each of which the Court finds unpersuasive.

First, Plaintiff points to *Wynkoop v. Wells Fargo Home Mortgage, Inc.*, No. 11-CV-60392, 2011 WL 2078005 (S.D. Fla. May 26, 2011). In that case, United States District Judge Cohn denied a motion to dismiss, allowing a negligence count to stand against a mortgage service provider, even though the plaintiff alleged purely economic damages. *Id.* at 3-4. The Court finds this case distinguishable because Judge Cohn specifically noted that the defendant in that case already owed a duty of care pursuant to a pre-existing statute, namely, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(g). *Id.* at 4. Judge Cohn therefore considered the negligence claim to be redundant: "Thus, while this negligence claim could be considered redundant, for purposes of this motion to dismiss, the Court will deny the motion as Plaintiff has sufficiently plead a duty." *Id.* In this case, by contrast, Plaintiff points to no statute that might serve as a third-party source of the duty Plaintiff seeks to impose.

Next, Plaintiff argues this case falls within the exception allowed for the "quasi-contractual professional negligence theory." *See Monroe*, 746 So. 2d at 539. The Court agrees that Florida law allows for such an exception. *See Moransais v. Heathman*, 744 So. 2d 973, 979 (1999) (economic loss rule did not bar homeowner's professional negligence claim against engineers who inspected home and allegedly failed to detect and disclose certain defects, even where there was no personal injury or property damage other than the defects in the home inspected). To qualify,

however, the duty must be imposed upon a "professional." *Id.* at 976 (noting that a "profession" is "any vocation requiring at a minimum a four-year college degree before licensing is possible in Florida"). In this case, the Complaint alleges no facts to support the proposition that recruiting firms such as Defendant engage in a "profession" within the meaning of Florida law.

Finally, Plaintiff points to the exception allowed for negligent misrepresentation claims. The Court agrees that Florida law allows for the recovery of purely economic losses arising from misrepresentations made in a negligent manner. *See Monroe*, 746 So. 2d at 537 (citing *First Florida Bank, N.A. v. Max Mitchell & Co.*, 558 So. 2d 9 (Fla. 1990); *Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 696 So. 2d 334 (Fla. 1997); Restatement (Second) of Torts § 552 (1977)). To support a claim, Plaintiff points to paragraphs 23 and 31, which complain that Defendant made misrepresentations to AQR regarding Plaintiff's self-disclosure of his incomplete degrees. These allegations are not sufficient to form a negligent misrepresentation claim. Among other problems, these allegations do not describe misrepresentations *made to the Plaintiff and upon which the Plaintiff relied*. *See Coral Gables Distrib., Inc. v. Milich*, 992 So. 2d 302, 303 (Fla. 3d DCA 2008) (stating the elements of negligent misrepresentation under Florida law). As such, the Court finds the claim should be dismissed without prejudice.

### 2. Causation

Defendant next argues that Plaintiff failed to allege facts sufficient to show causation. To satisfy this element, Plaintiff must allege facts that show "a cause and effect relationship ... between the alleged tortious conduct and the injury"—that is, cause in fact (or "actual" or "but-for causation")—as well as the "foreseeab[ility]" of the "conduct in question" producing the alleged harm—i.e., "proximate causation." *Bell v. Beyel Bros., Inc.*, No. 16-CV-14461, 2017 WL

1337267, at *3 (S.D. Fla. Apr. 7, 2017) (quoting *Smith v. United States*, 497 F.2d 500, 506 (5th Cir. 1974)).

Here, the Complaint fails to allege facts that demonstrate a causal link between Defendant's actions and the harm suffered by the Plaintiff. Defendant encouraged Plaintiff to apply for the AQR job and disclose the situation regarding his degrees. Plaintiff applied for the job and filled out the application himself. Unfortunately, the application cut off the word "incomplete." It is unclear how or why Defendant can be faulted for this. Moreover, Plaintiff apparently rectified the issue by disclosing the problems with his degrees during his AQR interviews. AQR thereafter offered the job to Plaintiff, but then quickly withdrew it due to the incomplete degrees (even though AQR already knew about the problem via Plaintiff's own interview disclosures).

Plaintiff also complains that, after the interviews, AQR contacted Defendant and "no one knew about the degree situation" and Defendant "denied they were communicated with regarding the incomplete degree." (DE at ¶ 24). The Complaint is unclear how these facts affect causation, given that Plaintiff had already openly disclosed his incomplete degrees during the interviews and did not attempt to hide them. Overall, the Complaint does not provide a clear or plausible explanation as to how Defendant did anything to cause Plaintiff to lose the AQR job offer. *See Rinker v. Carnival Corp.*, 753 F. Supp. 2d 1237, 1242 (S.D. Fla. 2010) (holding the allegations could not support a negligence claim as "[n]othing ... indicates how Plaintiff was injured because of the failures" caused by defendant's alleged actions). Rather, based on the facts currently alleged, it appears Plaintiff lost the job offer because he never completed his degrees.[2] As such, the Court finds the claim should be dismissed without prejudice.

---

[2] The Court has also considered Plaintiff's alternative theory that Defendant caused Plaintiff, not to lose the AQR job offer, but rather to unwittingly turn down other job offers in the meantime. (DE 1 at ¶ 20). The Court finds causation problems here as well as it appears Plaintiff turned down other job offers, not because of Defendant's actions, but

### B.     Tortious Interference

Defendant next moves to dismiss the claim for tortious interference. To succeed on a claim for tortious interference with business relations under Florida law, a plaintiff must allege facts showing "(1) the existence of a business relationship under which the plaintiff has legal rights; (2) an intentional and unjustified interference with the relationship; and (3) damage to the plaintiff as a result of the tortious interference with that relationship." *Coach Services, Inc. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) (quoting *Ad–Vantage Tel. Directory Consultants, Inc. v. GTE Directories Corp.*, 849 F.2d 1336, 1348–49 (11th Cir.1987)).

The Court finds this claim should be dismissed without prejudice for two reasons. First, as with the negligence claim above, the Court finds that the current Complaint does not set forth a clear or plausible explanation for the causation element. It is unclear how or why any conduct of Defendant interfered with the possible employment relationship with AQR. Rather, as discussed above, it appears Plaintiff did not consummate a successful relationship with AQR because he never finished his degrees, not because of anything Defendant did.

Second and relatedly, the current Complaint does not plausibly allege that the Plaintiff-AQR relationship would ever have been successful. Indeed, "[a]s a general rule, an action for tortious interference with a business relationship under Florida law requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 815 (Fla. 1994). For reasons already stated, the facts appear to show that AQR withdrew its job offer because Plaintiff never completed his degrees. As currently alleged,

---

because of AQR's actions, namely, AQR's decision to extend a job offer despite having been informed of the incomplete degrees during the interview process.

the Complaint does not describe an employment relationship that, "in all probability would have been completed" but for Defendant's conduct. As such, the Court recommends dismissal without prejudice.

### IV. RECOMMENDATION

The undersigned respectfully **RECOMMENDS** that the Motion (DE 12) be **GRANTED.** Plaintiff may be able to plead additional facts to cure the pleading errors discussed here. As such, the undersigned further **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** with leave to file an Amended Complaint.

### V. NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 16th day of May 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE