UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-14027-CV-CANNON/MCCABE

RICHARD A. MARINO,

      Plaintiff,

v.

PHAIDON INTERNATIONAL, INC.
d/b/a SELBY JENNINGS,

      Defendant.

_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss Amended Complaint ("Motion") (DE 22), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 25). The Motion is ripe for review. For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED IN PART** and **DENIED IN PART**.

## I.    PROCEDURAL HISTORY

This case revolves around a recruiting firm and its efforts to recruit Plaintiff to work for an investment management firm. Plaintiff filed his initial complaint on January 19, 2022, alleging counts of negligence and tortious interference with a business relationship (DE 1). Following a motion to dismiss, the undersigned issued a Report and Recommendation on May 16, 2022, recommending that Plaintiff's complaint be dismissed without prejudice to allow Plaintiff to cure pleading defects (DE 18). The District Court adopted the Report and Recommendation (DE 20).

Thereafter, on June 9, 2022, Plaintiff filed an Amended Complaint, alleging the following counts: Count I for negligence, Count II for misrepresentation, and Count III for tortious interference with a business relationship (DE 21). This Motion followed (DE 25).

## II.    LEGAL STANDARD

In evaluating a motion to dismiss for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), the Court must accept Plaintiff's allegations as true and construe them in the light most favorable to Plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Plaintiff need only provide "a short and plain statement of the claim [to] show[] that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.    AMENDED COMPLAINT ALLEGATIONS

The Court accepts the following allegations as true. Defendant is a recruiting firm that specializes in recruiting personnel for financial institutions (DE 21 ¶¶ 5-6). At some point prior to April 2021, Defendant began to recruit job candidates for AQR Capital Management ("AQR"), a financial management company that is not a party to this case (DE 21 ¶ 14).

Plaintiff is a software specialist who lives in Florida (DE 21 ¶¶ 4, 12). He studied at the University of Miami but never completed his degree, remaining one class short of completion (DE 21 ¶ 18). On or about April 8, 2021, Defendant contacted Plaintiff about a potential job opportunity with AQR (DE 21 ¶ 14). Plaintiff disclosed his incomplete degree to Defendant and asked, "Is

this going to be an issue/can we find this out before we waste anyone's time?" (DE 21 ¶ 18). Defendant told Plaintiff to explain the incomplete degree on the submittal form and "it should be fine" (DE 21 ¶ 19).

The Amended Complaint is unclear as to what happened next.  Plaintiff alleges he wrote a "document" and that he "put a note at the end of the document explaining the situation with the degrees" (DE 21 ¶ 20).  The Amended Complaint does not further identify the document, its purpose, or explain what happened to it.

Elsewhere, the Amended Complaint alleges that Plaintiff completed an online job application with AQR that indicated he had a Bachelor of Science degree that was "incomplete" (DE 21 ¶ 25).  However, the PDF online job application cut off the word "incomplete" (DE 21 ¶ 25).  Plaintiff also alleges he attended job interviews with AQR and that he "explained [the degree situation] in detail during the interviews" (DE 21 ¶ 26).

Thereafter, AQR offered Plaintiff a job (DE 21 ¶ 22).  Plaintiff alleges this was his dream job because it offered remote work with generous salary and benefits (DE 21 ¶¶ 23-24).  Plaintiff alleges he turned down numerous other job offers due to the pending AQR offer (DE 21 ¶ 31).

In October 2021, however, Plaintiff received an email from AQR advising that the company was reconsidering its offer due to his incomplete degree (DE 21 ¶ 25).  Plaintiff explained that the PDF of his application did not render the text correctly and cut off the word "incomplete," and that he had already disclosed this fact to AQR by way of his interviews with the company and his communications with Defendant, which was acting as a recruiter for AQR (DE 21 ¶ 26).

According to the Amended Complaint, AQR then told Plaintiff it had contacted Defendant about this topic and Defendant "denied that they were communicated with regarding the incomplete degree" (DE 21 ¶ 27).  AQR then formally rescinded its job offer (DE 21 ¶ 28).  The

Amended Complaint alleges that, "[h]ad [Defendant] truthfully disclosed that [Plaintiff] did not have a degree when asked, [Plaintiff] would not have been terminated from his dream job" (DE 21 ¶¶ 52, 63, 70).  The premise underlying these allegations seems to be that AQR withdrew the job offer, not because of Plaintiff's incomplete degree, but because AQR believed Plaintiff had been dishonest with Defendant on this topic.

## IV.   DISCUSSION

Defendant moves to dismiss all three counts (DE 22).  The Court will address each in turn.

### A.   <u>Count I - Negligence</u>

Count I alleges three theories of negligence: (1) general negligence, (2) professional negligence, and (3) negligent misrepresentation.  The Court will address each below.[1]

#### 1.   General Negligence

The Court recommends dismissal of the general negligence claim.  As discussed in the undersigned's previous Report and Recommendation (DE 18), this case involves economic harm, not bodily injury or property damage.  As a general rule, Florida law does not recognize a cause of action for negligence grounded solely on economic harm; bodily injury or property damage is normally required.  *See Monroe v. Sarasota Cnty. Sch. Bd.*, 746 So. 2d 530, 531 (Fla. 2d DCA 1999).  Negligence claims based solely on economic harm can proceed "only under extraordinary circumstances which clearly justify judicial interference to protect a plaintiff's economic expectations."  *Id.*  "[T]o proceed on a common law negligence claim based solely on economic

---

[1] As to the negligent misrepresentation theory in Count I, paragraphs 44-52 of the Amended Complaint attempt to state a claim under this theory, but these paragraphs repeat themselves as paragraphs 55-63 in Count II.  Because Count II is titled "Misrepresentation," the Court will discuss negligent misrepresentation as part of the Count II discussion below, not the Count I discussion.

loss, there must be some sort of link between the parties or some other extraordinary circumstance that justifies recognition of such a claim." *Tank Tech, Inc. v. Valley Tank Testing, LLC*, 244 So. 3d 383, 393 (Fla. 2d DCA 2018) (citation omitted).

Plaintiff identifies no extraordinary circumstance here to justify imposition of a negligence-based duty to protect him from economic harm.  Instead, this case is more akin to *Monroe*, 746 So. 2d at 531, where the Florida Second District Court of Appeal declined to recognize a general negligence duty, on the part of a local school board, to protect a would-be job applicant from economic harm, and *Perry v. Schumacher Group of Louisiana*, 809 Fed. App'x. 574 (11th Cir. 2020), where the Eleventh Circuit Court of Appeals declined to recognize a general negligence duty, on the part of a hospital staffing agency, to protect an employee doctor from economic harm.

In opposition to dismissal, Plaintiff argues this case should proceed under the authority of *Tiara Condominium Ass'n, Inc. v. Marsh & McLennan Cos., Inc.*, 110 So. 3d 399 (Fla. 2013).  In *Tiara*, the Florida Supreme Court analyzed the "economic loss rule," a doctrine rooted in product liability law that limits parties in contractual privity with one another from pursuing tort claims except under very limited circumstances. *Id.* at 406.  The *Tiara* court criticized the "unprincipled" expansion of the doctrine beyond its products-liability roots, to claims for professional malpractice, fraudulent inducement, and negligent misrepresentation. *Id.*  Accordingly, the Florida Supreme Court clarified that the economic loss rule applies only to products liability cases. *Id.* at 407.

*Tiara* does not apply here because Plaintiff and Defendant are not in contractual privity with one another and because today's recommendation is not based on the economic loss rule. Rather, it is based on the longstanding doctrine, separate and apart from the economic loss rule, that parties do not ordinarily owe a negligence-based duty to protect one another from purely

economic harm. *See In Re: January 2021 Short Squeeze Trading Litig.*, No. 21-02989, 2022 WL 255350, *19 (S.D. Fla. Jan. 27, 2022) (distinguishing between the economic loss rule and the general lack of a duty to avoid causing economic harm). Indeed, courts have continued to apply this doctrine post-*Tiara*, with many courts expressly acknowledging and distinguishing *Tiara*:

- *In Re: January 2021 Short Squeeze Trading Litig*, 2022 WL 255350, at *19 (finding that "Florida law generally does not obligate parties to avoid causing economic loss," and finding *Tiara* inapplicable)

- *Segev v. Lynn Univ., Inc.*, No. 19-81252, 2021 WL 2269838, at *18 (S.D. Fla. Feb. 26, 2021), *R. & R. adopted in relevant part*, 2021 WL 1996437 (S.D. Fla. May 19, 2021) (entering summary judgment on negligence claim where plaintiff alleged purely economic harm)

- *Underwriters at Interest v. All Logistics Grp., Inc*., 483 F. Supp. 3d 1199, 1211-13 (S.D. Fla. 2020) (entering summary judgment on negligence claim where plaintiff alleged purely economic harm)

- *Perry*, 809 Fed. App'x. 574 (affirming a summary judgment on negligence claim where plaintiff alleged purely economic harm)

- *Abel & Buchheim, P.R., Inc. v. Citibank, National Ass'n*, No. 16-cv-24663-KMM, 2017 WL 3731002 (S.D. Fla. Aug. 28, 2017) (dismissing negligence claim where plaintiff alleged purely economic harm, and finding *Tiara* inapplicable)

For all these reasons, Count I fails to state a claim for general negligence.

### 2.     Professional Negligence

In paragraphs 38-43 of the Amended Complaint, Plaintiff attempts to plead a claim for professional negligence by alleging, inter alia, that Defendant rendered "professional" services, that Defendant required its employees to have a four-year bachelor's degree, and that Defendant was licensed to do business in the State of New York. As discussed in the undersigned's previous Report and Recommendation (DE 18), Florida law recognizes several exceptions to the rule prohibiting plaintiffs from pursuing negligence claims solely for economic damages, among them,

claims for professional negligence or malpractice.   *See, e.g.*, *Monroe*, 746 So. 2d at 531 (recognizing professional malpractice claims as one of the exceptions to the general rule).

The Amended Complaint fails to state a claim for professional negligence, however, because it does not allege facts that show Defendant engaged in a "profession" within the meaning of the law.  The Florida Supreme Court defines a profession, within the meaning of section 95.11, Florida Statues, as "any vocation requiring at a minimum a four-year college degree before licensing is possible in Florida."  *See Moransais v. Heathman*, 744 So. 2d 973, 976 (1999), *receded from on other grounds, Tiara Condo. Ass'n, Inc.*, 110 So. 3d at 407; *see also Century Land Dev. L.P. v. Weits*, No. 07-14377-CIV, 2009 WL 252091 (S.D. Fla. Feb. 2, 2009) (entering summary judgment on professional negligence claim against real estate agent because no four-year degree required for licensing in Florida).

In this case, although the Amended Complaint alleges that Defendant required its employees to have a four-year bachelor's degree, Plaintiff fails to allege that Florida law requires a four-year degree to become licensed as a recruiter or recruiting firm.  As such, the Amended Complaint fails to state a claim for professional negligence or malpractice.   Count I should be dismissed on this ground.

### B.   Count II - Misrepresentation

Count II alleges a claim for negligent misrepresentation.  To state such a claim under Florida law, a plaintiff must allege facts showing:  (1) misrepresentation of a material fact; (2) made by the defendant without knowledge as to its truth or falsity or under circumstances in which he or she ought to have known its falsity; (3) with the intent to induce the plaintiff to act on it; and (4) with injury resulting to the plaintiff acting in justifiable reliance on the misrepresentation.  *See*

*Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1352-53 (S.D. Fla. 2016) (citation omitted).

Defendant raises several arguments for dismissal, each of which the Court addresses below.

### 1.    Misrepresentations to a Third Party

Ordinarily, to proceed on a negligent misrepresentation claim, a plaintiff must allege that the defendant made misrepresentations to the plaintiff, not to a third party.  In paragraph 47 and 58 of the Amended Complaint, Plaintiff attempts to bring a claim based on misrepresentations made by the Defendant to a third party, namely AQR.   Specifically, Plaintiff alleges that, "when AQR questioned Defendant as it pertained to the degree, [Defendant] lied to AQR, and stated that they had no information about whether [Plaintiff] lied about the degree or not, even though clearly, they did" (DE 21 ¶¶ 47, 58).  Plaintiff alleges this misrepresentation caused AQR to rescind the job offer: "Had [Defendant] truthfully disclosed that [Plaintiff] did not have a degree when asked, [Plaintiff] would not have been terminated from his dream job" (DE 21 ¶¶ 52, 63, 70).

Plaintiff argues that a "misrepresentation can be imputed on Defendant based on [its] lie to a third party" (DE 21 ¶¶ 49, 60).  Plaintiff also cites two cases in support of this proposition, *Platinum Properties Investor Network, Inc. v. Sells*, 18-61907-CIV, 2019 WL 2247544, at *10 (S.D. Fla. Apr. 11, 2019), *R. & R. adopted in part,* 2019 WL 3940153 (S.D. Fla. Aug. 21, 2019) and *Koch v. Royal Wine Merchants*, *Ltd.*, 907 F. Supp. 2d 1332, 1345 (S.D. Fla. 2012) (DE 21 ¶¶ 49, 60).

On review, however, neither case supports a claim here.  The first case, *Sells*, stands for the proposition that a plaintiff cannot base a claim on misrepresentations made to third parties, absent first-party reliance.  2019 WL 2247544, *10.  In that case, a plaintiff sought to hold a defendant liable for misrepresentations made to third parties via the defendant's website.  *Id.*  The

court found such misrepresentations to be non-actionable, holding that "first party reliance is the centerpiece" of any misrepresentation claim. *Id.* at *11. In other words, there must be some showing that the plaintiff himself received and relied upon the misrepresentation at issue; "mere third-party reliance" cannot suffice. *Id.* at *12.

Likewise in *Koch*, the plaintiff sought to hold the defendant liable for misrepresentations made to third-party wine buyers via false labels on wine bottles. 907 F. Supp. 2d at 1332. The court allowed the claim to proceed because the third parties later sold the wine bottles to the plaintiff, such that there was "no question plaintiff received and reasonably relied on the misrepresentation embodied in the labels." *Id.* at 1346. As such, *Koch* does not stand for the proposition that a plaintiff can pursue a claim based on misrepresentations made to third parties, unless the facts also show that the plaintiff himself later received and relied upon those same misrepresentations.

In this case, paragraphs 47 and 58 describe misrepresentations that Defendant made to AQR and upon which AQR relied to withdraw Plaintiff's job offer. The Amended Complaint does not allege first-party reliance, namely, that Plaintiff himself received or relied upon those misrepresentations. Indeed, Plaintiff could never have relied upon those misrepresentations because he knew them to be false, i.e., he knew he had communicated the fact of his incomplete degree to Defendant. Like the plaintiff in *Sells*, Plaintiff here cannot bring a negligent misrepresentation claim based on misrepresentations communicated to third parties when he never relied upon those misrepresentations himself. Count II should be dismissed as to all misrepresentations made to third parties including AQR.

### 2.   Failure to Plead with Particularity

Next, as to misrepresentations made to and relied upon by Plaintiff himself, Defendant argues the Amended Complaint fails to identify such statements with particularity.  As a subset of fraud, claims for negligent misrepresentation must satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b).  *See Interlink Grp. Prof'l Servs., Inc. v. ClearOne, Inc.*, No. 16-24338-CIV, 2017 WL 10187646, at *9 (S.D. Fla. Oct. 11, 2017), *R. & R. adopted*, 2017 WL 10187641 (S.D. Fla. Nov. 17, 2017); *Pruco Life Ins. Co. v. Brasner*, No. 10-80804-CIV, 2011 WL 2669651, at *4 (S.D. Fla. July 7, 2011).  Rule 9(b) requires a plaintiff to identify the "who, what, when, where, and how" of the misconduct.  *See Garfield v. NDC Health Corp.*, 466 F. 3d 1255, 1262 (11th Cir. 2006); *see, e.g.*, *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-CIV, 2012 WL 2049431, at *7 (S.D. Fla. June 5, 2012) (dismissing negligent misrepresentation claim for lack of particularity).

Here, Plaintiff alleges that Defendant made, and Plaintiff relied upon, the following misrepresentations:

- Taylor Eitelberg, a representative of Defendant, told Plaintiff she would make sure to communicate accurate information to AQR regarding Plaintiff's incomplete degree (DE 21 ¶¶ 45, 56).

- Taylor Eitelberg told Plaintiff his incomplete degree "should be fine," and "guarantee[d] that the issue of not completing a degree should not be a problem" in seeking a job with AQR (DE 21 ¶¶ 19, 46, 57).

The Amended Complaint also provides a sufficient timeline for these statements.  In total, the Court finds these allegations sufficient to alert Defendant as to the "who, what, when, where, and how" of the alleged misconduct.  The Motion should be denied on this basis.

### 3.   Causation

Defendant next argues the Amended Complaint fails to allege facts sufficient to show causation.  To satisfy this element, Plaintiff must allege facts that show "a cause and effect relationship ... between the alleged tortious conduct and the injury—that is, cause in fact (or actual or but-for causation)—as well as the foreseeab[ility] of the conduct in question producing the alleged harm—i.e., proximate causation."  *Bell v. Beyel Bros., Inc.*, No. 16-CV-14461, 2017 WL 1337267, at *3 (S.D. Fla. Apr. 7, 2017) (quotation marks and citation omitted).

Here, Plaintiff alleges he was damaged "as a result of" the above misrepresentations (DE 21 ¶¶ 48, 59).  Specifically, Plaintiff alleges he "relied on [Defendant] being truthful to AQR about him disclosing his lack of a degree," and that Defendant "failed to do that," thereby causing him harm (DE 21 ¶¶ 51, 62).  Plaintiff further alleges that "[h]ad [Defendant] truthfully disclosed that [Plaintiff] did not have a degree when asked, [Plaintiff] would not have been terminated from his dream job" (DE 21 ¶¶ 52, 63).  The premise underlying these allegations seems to be that AQR withdrew the job offer, not because of Plaintiff's incomplete degree, but because AQR believed Plaintiff had been dishonest with Defendant on this topic.

In response, Defendant points to several flaws in the causal chain, including a letter authored by AQR and attached as Exhibit 2 to the Amended Complaint, whereby AQR stated it withdrew the job offer based "in whole or in part on information contained in a background check report … regarding your degree/education status[.]" (DE 21-2).  Defendant argues this shows AQR withdrew the job offer for the simple fact that Plaintiff never finished his degree, not because of any perceived dishonesty over the issue.  Also, Defendant points out that Plaintiff alleges he told AQR about the incomplete degrees himself during his job interview, further casting doubt on the notion that AQR withdrew the job offer over perceived dishonesty.

As this back and forth illustrates, causation is a fact issue, rarely appropriate for resolution at the motion-to-dismiss stage. *See Esposito v. Prudential Equity Grp., LLC*, No. 3-08-CV-575-J-16JRK, 2008 WL 4999214, at *1 (M.D. Fla. Nov. 20, 2008) ("[A] motion to dismiss a complaint must be decided on questions of law and questions of law only."); *see, e.g.*, *Marabella v. NCL (Bahamas), Ltd.*, 437 F. Supp. 3d 1221, 1229-1230 (S.D. Fla. 2020) (denying motion to dismiss because plaintiff adequately pled proximate causation). At this stage of the litigation and construing all allegations in the light most favorable to Plaintiff, the Court finds the Amended Complaint sets forth plausible allegations of causation. The Motion should be denied on this basis.

C.    **Count III - Tortious Interference**

Count III alleges a claim for tortious interference with a business relationship. To state such a claim under Florida law, a plaintiff must allege facts showing "(1) the existence of a business relationship under which the plaintiff has legal rights; (2) an intentional and unjustified interference with the relationship; and (3) damage to the plaintiff as a result of the tortious interference with that relationship." *Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) (quoting *Ad–Vantage Tel. Directory Consultants, Inc. v. GTE Directories Corp.*, 849 F.2d 1336, 1348-49 (11th Cir. 1987)).

Defendant raises three arguments for dismissal, each of which the Court addresses below.

1.    **Intent**

First, Defendant argues the Amended Complaint fails to make plausible allegations that Defendant committed an "intentional" interference. Florida law does not recognize a cause of action for mere negligent interference with a business relationship; to be actionable, the interference must be intentional and direct. *See, e.g.*, *McCurdy v. Collis*, 508 So. 2d 380 (Fla. 1st DCA 1987). Here, Defendant argues Plaintiff cannot make any plausible allegations of intent

because Defendant had every economic incentive to help Plaintiff secure the AQR job, not interfere with that job.  Indeed, Defendant brought the AQR job opportunity to Plaintiff in its capacity as a recruiting firm, and Defendant offered guidance to Plaintiff in filling out the AQR job application (DE 21 ¶¶ 6, 14, 19).  Defendant argues it makes no sense that, after bringing the job opportunity to Plaintiff in the first place, Defendant would then "intentionally" interfere with Plaintiff's effort to land the job.

The Court acknowledges the facial appeal of Defendant's arguments.  However, intent is a fact issue, rarely appropriate for resolution at the motion-to-dismiss stage.  *See BGW Design Ltd., Inc. v. Serv. Am. Corp.*, No. 10-20730-CIV, 2010 WL 5014289, at *5 (S.D. Fla. Dec. 3, 2010).  At this stage of the litigation and construing all allegations in the light most favorable to Plaintiff, the Court finds the Amended Complaint sets forth plausible allegations of intent.  The Motion should be denied on this basis.

### 2. Causation

Defendant next argues Plaintiff failed to allege facts sufficient to show causation, a necessary element of tortious interference with a business relationship.  For the reasons already identified above at section IV.B.3, the Court finds, at this stage of the litigation and construing all allegations in the light most favorable to Plaintiff, that the Amended Complaint sets forth plausible allegations of causation.  The Motion should be denied on this basis.

### 3. Probability of a Successful Business Relationship

Next, Defendant seeks dismissal because Florida law requires, as a necessary part of pleading this claim, that Plaintiff allege facts to show an "actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 815 (Fla. 1994).  Defendant argues

Plaintiff can never satisfy this requirement because Exhibit 2 to the Amended Complaint shows that, in fact, AQR withdrew Plaintiff's job offer due to his incomplete degree (DE 21-2).  Because Plaintiff concedes he never completed his degree, and because Exhibit 2 shows AQR withdrew the job offer for this reason, Defendant argues Plaintiff can never show a business relationship that "in all probability would have been completed" had Defendant had not interfered.

The Court disagrees.  The Amended Complaint alleges that "[h]ad [Defendant] truthfully disclosed that [Plaintiff] did not have a degree when asked, [Plaintiff] would not have been terminated from his dream job" (DE 21 ¶¶ 52, 63).  At this stage of the litigation and construing all allegations in the light most favorable to Plaintiff, that Court finds this allegation plausible.  In particular, Plaintiff alleges that he told AQR about his incomplete degree during his own job interview; despite this, AQR nevertheless offered him the job (before later retracting the offer) (DE 21 ¶¶ 22, 26).  This gives rise to a plausible inference that AQR did not truly object to Plaintiff's incomplete degree and withdrew the job offer for the reasons described in the Amended Complaint.  The Motion should be denied on this basis.

## V.      RECOMMENDATION

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the Motion (DE 22) be **GRANTED IN PART** and **DENIED IN PART**, as follows:

1.      As to Count I, the Motion should be **GRANTED**, and Count I should be **DISMISSED** in its entirety.

2.      As to Count II, the Motion should be **GRANTED** to extent it alleges misrepresentations made to third parties including AQR.  The Motion should be **DENIED** as to the remainder of Count II.

3.      As to Count III, the Motion should be **DENIED**.

4.      Because Plaintiff has had two opportunities to attempt to state a claim, all dismissals recommended here should be **WITH PREJUDICE**.

## VI.    NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 16th day of August 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE